UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                               Case No.: 1-02-17966-dem

BENJAMIN HIRSCH,                                      Chapter 7

                              Debtor.
--------------------------------------------------------x
NACHAMA HIRSCH,

                              Plaintiff,                        Adv. Proc. No.: 1-07-01139-dem

              -against-

BENJAMIN HIRSCH,

                              Defendant.
--------------------------------------------------------x

Appearances:

Gary M. Kushner, Esq.
Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP
Attorneys for Plaintiff
330 Old Country Road
P.O. Box 31
Mineola, New York 11501

Joseph J. Haspel, Esq.
Attorney for Defendant
40 Matthews Street, Suite 201
Goshen, New York 10924


**DECISION AND ORDER ON MOTION TO DISMISS**

DENNIS E. MILTON
United States Bankruptcy Judge

        The matter is before the Court on the Court-issued Order to Show Cause directing

the plaintiff Nachama Hirsch ("Mrs. Hirsch" or the "plaintiff") to show cause why the Complaint

should not be dismissed for failure to state a claim on which relief may be granted, and on the

motion for an Order granting leave to amend the Complaint and other relief which counsel for the plaintiff filed on December 22, 2007 (the "Motion to Amend").  On January 25, 2008, counsel for debtor and defendant Benjamin Hirsch ("Hirsch" or the "defendant") filed a Memorandum of Law in support of the Order to Show Cause.  On February 28, 2008, counsel for the plaintiff filed a reply to this Memorandum of Law.  On March 11, 2008, counsel for the defendant filed an Opposition to the Motion to Amend.  On April 1, 2008, the Court conducted a hearing on the Order to Show Cause, the Motion to Amend, and on applications for other relief[1], and took the matter under advisement.   On September 30, 2009, this Court issued an Order in connection with the Order to Show Cause and the Motion, in which the Court stated it would issue a separate written decision.

Based on the review of the Complaint and the Amended Complaint, the Court found that the plaintiff had failed to set forth allegations sufficient to state a cause of action under Bankruptcy Code Sections 523(a)(2), 523(a)(4), 523(a)(6), and 727(a).  The Court found that the plaintiff set forth allegations sufficient to state a cause of action under Sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code.  The Court further found, as set forth below, that the Amended Complaint failed to cure the defects of the Original Complaint.  The Court granted the plaintiff's Motion to Amend.  As stated in the Order, as an aid to counsel for plaintiff with regard to the Amended Complaint, the Court issues this Memorandum Decision.

## JURISDICTION

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334 and

---

[1] Counsel for Jack Mark Rubin and Kensington Terrace Apartments and counsel for defendant had filed motions for an Order pursuant to Rules 26(c) and 45(c), Fed. R. Civ. P., quashing subpoenas which counsel for plaintiff had served upon them. The Court granted that portion of the motion.

157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      Prior Proceedings

On June 12, 1997, Nachama Hirsch ("Mrs. Hirsch") commenced divorce proceedings (the "matrimonial action") against the debtor in the Supreme Court of New York (the "state court").  On October 30, 2000, the Honorable Virginia E. Yancey ("Justice Yancey") rendered a decision granting the divorce.  Justice Yancey stayed entry of the judgment of divorce pending resolution of ancillary issues, including the equitable distribution of marital property.  On May 22, 2001, Justice Yancey found the debtor in contempt of court for repeated violations of court orders to preserve the marital properties (the "properties").  By Order dated May 31, 2001, the state court appointed Jeffery Goldstein as temporary receiver for the properties.  On December 21, 2001, the temporary receivership ended and the state court appointed a successor temporary receiver, Douglas Rosenberg.  On May 10, 2002, the state court issued a Decision After Trial ("state court decision") in the matrimonial action.  The state court directed the parties to settle judgment consistent with the state court decision.

On June 21, 2002, before the state court entered judgment based on the state court decision, the debtor and Coney Island Land Company, LLC, Fiduciary Holdings, LLC, Digby Apartments, Inc., and Sheldrake Holding Company, LP (the "Entity Debtors") filed separate Chapter 11 petitions.

Familiarity with the facts of the main case is assumed.  This case, which is now

more than seven years old, has been the subject of numerous applications which have resulted in written decisions and orders.  Among those are the decision of this Court keeping Douglas Rosenberg, the state court appointed Receiver, in place; a decision in March 2003 that the state court's post-petition entry of judgment, occurring while the automatic stay was in place, did not transfer certain properties to Mrs. Hirsch; the Decision and Order fixing the claim of Mrs. Hirsch; the determination of two adversary proceedings which Mrs. Hirsch brought and which sought a determination that certain properties were not part of the debtor's or the Entity Debtors' estates; denial of the separate applications of secured creditors Wells Fargo, Tsatkis and Maspeth Federal Savings & Loan Association for relief from the automatic stay; the decision granting relief from the automatic stay in February 2004 to enable the parties to pursue entry of judgment in the matrimonial action; a decision expunging claims of Mrs. Hirsch against the entity debtors' estates; and the Decision and Order (1) denying the debtor's application for an order permitting the sale of certain real estate to go forward outside of the debtor's Plan of Reorganization, (2) granting approval of the debtor's Fifth Amended Disclosure Statement and Third Amended Plan of Reorganization and (3) converting the debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code in January  2007.

B.  The Order to Show Cause and Motion to Amend the Complaint

On April 16, 2007, the plaintiff initiated this adversary proceeding.  On May 31, 2007, the defendant filed an answer. On November 27, 2007, the Court issued an Order to Show Cause why the Court should not dismiss the Complaint for failure to state a claim on which relief may be granted.  On December 22, 2007, as set forth above, counsel for the plaintiff filed the Motion to Amend.  On January 25, 2008, counsel for defendant filed a Memorandum of Law in

4

support of the Order to Show Cause.  On February 8, 2008, counsel for the plaintiff filed a reply

to this Memorandum of Law.  On March 11, 2008, counsel for the defendant filed an Opposition

to the Motion to Amend.  On April 1, 2008, the Court conducted a hearing on the Order to Show

Cause and the Motion to Amend and took the matter under advisement.

## DISCUSSION

A.    Rules Establishing and Governing Standards of Review

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which makes Rule

12(b) of the Federal Rules of Civil Procedure applicable in bankruptcy proceedings, provides

that the court may dismiss the Complaint for failure to state a claim on which relief may be

granted. Here, where the plaintiff seeks an Order denying the debtor a discharge, the plaintiff has

the threshold burden, to establish facts necessary to show by a preponderance of the evidence

that the debt should be exempt from the discharge under Section 523(a) or Section 727(a) of the

Bankruptcy Code.  In re Foto, 258 B.R. 567, 571 (Bankr.S.D.N.Y. 2000); In re Silverstein, 151

B.R. 657, 660 (Bankr. E.D.N.Y. 1993); See also Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654,

112 L.Ed.2d 755 (1991).

Rule 7008 of the Federal Rules of Bankruptcy Procedure makes Rule 8 of the

Federal Rules of Civil Procedure applicable in bankruptcy proceedings.  Fed.R.Civ.P. 8(a)

establishes standards for pleading a claim for relief and states in pertinent part that a pleading

which sets forth a claim for relief shall contain "...(2) a short and plain statement of the claim

showing that the pleader is entitled to relief[.]..."  Federal Rules of Civil Procedure Rule 8.

Pursuant to F.R.Bankr.P. 7009, which makes Fed.R.Civ.P 9 applicable in bankruptcy

proceedings, "...(b) In all averments of fraud or mistake, the circumstances constituting fraud or

5

mistake shall be stated with particularity" and "(f) For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Federal Rules of Civil Procedure Rule 9.  The term "circumstances" as used in Fed.R.Civ.P. 9(b), includes matters such as time, place, contents of the false representations, identity of the person whose conduct is the subject of the cause of action, and what the actor obtained thereby.  Federal Rules of Civil Procedure Rule 9;  Flexi-Van Leasing, Inc. v. Perez, 155 B.R. 844, 849 (Bankr.E.D.N.Y. 1993); In re Rifkin, 142 B.R. 61, 64-65 (Bankr. E.D.N.Y. 1992). The requirement that the allegations should be stated with particularity has been interpreted to mean  that the complaint should allege specific facts, sources that support the alleged specific facts and a basis from which an inference of fraud may be fairly drawn. Id. A review of each of the causes of action in the Complaint follows.

B.      Review of the Complaint

Count One of the Complaint alleged that the debtor transferred certain properties and other assets with an intent to hinder, delay or defraud the plaintiff and that his discharge should be denied pursuant to Section 727(a)(2)(A) of the Bankruptcy Code.  The essential elements of this cause of action are 1) a transfer of property, 2) that belongs to the debtor, 3) within one year before the filing of the petition, 4) with intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. §727(a)(2)(A). In re George K. Boyer (In re Boyer), 2009 WL 1635922, 3 (C. A. 2 (Conn.) 2009); Thibodeaux v. Olivier (In re Olivier), 819 F.2d 550, 552 (5th Cir. 1987);  In re Silverstein, 151 B.R. 657, 660-661 (Bankr. E.D.N.Y. 1993). The pleading of Count One lacked the required  specificity and failed to allege the second, third and fourth elements set forth immediately above, as it failed to allege that the debtor transferred

properties belonging to the debtor, that the transactions were within a year of the filing of the petition and that the debtor had acted with the intent to hinder, delay or defraud a creditor. Count One should be dismissed.

Count Two of the Complaint alleged that the debtor made false statements, namely that while an owner of Kensington Terrace Apartments LLC, that the debtor did not list Kensington on the schedules and that this false statement related materially to the bankruptcy case,  which should result in the denial of his discharge pursuant  to Section 727(a)(4)(A) of the Bankruptcy Code. The essential elements of this cause of action are that 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent, and 5) the statement related materially to the bankruptcy case. 11 U.S.C. §727(a)(4)(A). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky, 244 B.R. 560, 571-573 (E.D.N.Y. 2000); In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. 760, 764 (Bankr. W.D.N.Y. 1989); In re Beaubouef, 966 F.2d 174, 178 (5th Cir. 1992); In re Yadidi, 274 B.R. 843, 852 (9th Cir. 2002). The pleading of Count Two lacked the required specificity and failed  to allege the second, third and fourth essential elements of this cause of action, that the debtor made a false statement under an oath, that the debtor knew that the statement was false and that the debtor had fraudulent intent when he made the statement. Count Two should be dismissed.

Count Three of the Complaint alleged that the debtor made a false statement materially related to the bankruptcy case by omitting a material fact and not listing the Kensington Guaranty on schedules, which should result in the denial of his discharge pursuant to Section 727(a)(4)(A) of the Bankruptcy Code. As set forth above, the essential elements of

7

this cause of action are that 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. 11 U.S.C. §727(a)(4)(A). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852. Count Three failed to allege, with specificity, the second, third and fourth elements, that the debtor knew that the statement was false and that the debtor had fraudulent intent when he made the statement. Count Three should be dismissed.

Count Four of the Complaint alleged that the debtor made a false statement omitting a material fact related materially to the bankruptcy case when the debtor failed to list on his schedules the Kensington Option which should result in the denial of his discharge pursuant to Section 727(a)(4)(A) of the Bankruptcy Code. The essential elements of this cause of action are 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. 11 U.S.C. §727(a)(4)(A). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.  Count Four failed to allege the third and fourth of these essential elements, that the debtor knew that the statement was false and that the debtor had fraudulent intent when he made the statement. Count Four should be dismissed.

Count Five of the Complaint alleged that the debtor concealed the Kensington Option when the debtor failed to list the Kensington Option on schedules, which should result in

the denial of his discharge pursuant to Section 727(a)(2)(A) of the Bankruptcy Code.. The essential elements of this cause of action are 1) a concealment of property, 2) that belongs to the debtor, 3) within one year before the filing of the petition, 4) with intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. §727(a)(2)(A). In re Boyer, 2009 WL 1635922 at 3; In re Olivier, 819 F.2d at 552; In re Silverstein, 151 B.R. at 660-661. Count Five failed to allege the elements of second, third and fourth of these essential elements, that the debtor had fraudulent intent to conceal property belonging to the debtor when the alleged concealment occurred, and that the concealment of the property was within one year before the filing of the petition. Count Five should be dismissed.

Count Six of the Complaint alleged that the debtor concealed his ownership interest in Kensington, the Kensington Units and the Kensington Option within a year prior to filing, which should result in the denial of his discharge pursuant to Section 727(a)(2)(A) of the Bankruptcy Code. The essential elements of this cause of action are 1) concealment of property, 2) belonging to the debtor, 3) within one year before the filing of the petition, 4) with intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. §727(a)(2)(A). In re Boyer, 2009 WL 1635922 at 3; In re Olivier, 819 F.2d at 552; In re Silverstein, 151 B.R. at 660-661. The pleading of Count Six lacked the required specificity and failed to allege the second, third and fourth essential elements, that the debtor had intent to conceal property that belonged to the debtor within a year before the filing of the petition, and to specify the subjects of the concealment. Count Six should be dismissed.

Count Seven of the Complaint alleged that the debtor signed Monthly Operating Reports, that the signing of the reports constituted an oath, and that the reports were materially

false because they failed to disclose the true extent of the debtor's income and liabilities, for which the debtor should suffer the denial of his discharge pursuant to Section 727(a)(4)(A) of the Bankruptcy Code.  The essential elements of this cause of action are 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. 11 U.S.C. §727(a)(4)(A).   In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.   Count Seven failed to allege with the required specificity the first, third and fourth of these essential elements, that the debtor made a statement under an oath, that the debtor knew that the statement was false and that the debtor had fraudulent intent when he made the statement. Count Seven should be dismissed.

Count Eight of the Complaint alleged that the debtor's account at Signature Bank, contrary to the debtor's schedules, remained opened as of the petition date and the debtor utilized the account as his primary depository account.   The essential elements of this cause of action are 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case.11 U.S.C. §727(a)(4)(A).   In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.  Count Eight fails to allege with the required specificity the third and fourth essential elements, that the debtor knew that the statement was false and had fraudulent intent when he made the statement.

Count Eight should be dismissed.

Count Nine of the Complaint alleged that the Court issued an order authorizing a receiver to collect the rental payments, and the debtor intentionally remitted the rental payments to his counsel and not to the receiver. Consequently, the debtor should be denied his discharge for failure to follow an Order of the Court pursuant to Section 727(a)(6)(A) of the Bankruptcy Code.   The essential elements of this cause of action are 1) the court in the case issued an order, and 2) the debtor refused to obey the order. 11 U.S.C. §727(a)(6)(A). In re Demar, 373 B.R. 232, 240 (Bankr. E.D.N.Y. 2007); In re Miller, 97B.R. at 765.  The pleading of Count Nine lacked the required specificity and failed to allege the second element, that the debtor wrongfully refused to obey the court's order. Count Nine should be dismissed.

Count Ten of the Complaint alleged that the debtor utilized money from the debtor-in-possession's account and concealed the money from the Internal Revenue Service with intent to hinder, delay and defraud creditors and the debtor should be denied his discharge pursuant to Section 727(a)2)(B) of the Bankruptcy Code.   The essential elements of this cause of action are 1) a transfer or concealment of property, 2) that belongs to the estate, 3) that occurred after the filing of the petition, and 4) the debtor had intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. §727(a)(2)(B). In re Boyer, 2009 WL 1635922 at 3; In re Miller, 97 B.R. at 763. Count Ten failed to allege with the required specificity the first and fourth of these elements, that the debtor transferred or concealed property from the estate, and that the debtor had intent to hinder, delay or defraud a creditor. Count Ten should be dismissed.

Count Eleven of the Complaint alleged that the debtor failed to comply with a Confirmation Order that approved the Entity Debtors' plan of reorganization which restricted the

debtor's use of the Entity Debtors' payment, and should be denied his discharge pursuant to Section 727(a)(6)(A) of the Bankruptcy Code.  The essential elements of this cause of action are 1) the court issued an order in the case, and 2) the debtor refused to obey the order. 11 U.S.C. §727(a)(6)(A).  In re Demar, 373 B.R. at 240; In re Miller, 97 B.R. at 765.  Count Eleven failed to allege with the required  specificity the second element and to allege instances of the debtor's wrongful conduct or refusal to obey this Court's order. Count Eleven should be dismissed.

Count Twelve of the Complaint alleged that the debtor failed to abide by the terms of the Confirmation Order and the Entity Debtor's Plan within this case and in connection with another case in the Bankruptcy Court, and should be denied a discharge pursuant to Section 727(a)(7) of the Bankruptcy Code.  The essential elements of this cause of action are 1) an instance of a debtor's refusal to obey an order, 2) a year prior or during the case, 3) in connection with another case, and 4) concerning an insider. 11 U.S.C. §727(a)(7). In re Demar, 373 B.R. at 240; In re Miller, 97 B.R. at 765.  Count Twelve failed to allege with the required specificity the first and fourth elements, and also failed to allege an instance of the wrongful conduct, the date of the occurrence and the act concerning an insider. Count Twelve should be dismissed.

Count Thirteen of the Complaint alleged that the debtor failed  (i) to record on the operating reports all of his transactions, and (ii) to comply with the Guidelines, and therefore (iii) the debtor concealed and falsified records from which the debtor's financial condition or transactions might be ascertained and (iv) without justification under all of the circumstances. The Count sought denial of his discharge pursuant to Section 727(a)(3) of the Bankruptcy Code. The essential elements of this cause of action are 1) the debtor has concealed, falsified or failed to keep records, 2) from which the debtor's financial condition or transactions might be

ascertained, and 3) the conduct was not justified under all of the circumstances of the case. 11 U.S.C. §727(a)(3). In re Yadidi, 274 B.R. at 852; In re Miller, 97 B.R. at 763-764. Count Thirteen failed to allege with the required specificity the first and third elements, and to allege facts and an instance of the concealment, falsification or lack of records that is not justified under all of the circumstances of the case. Count Thirteen should be dismissed.

Count Fourteen of the Complaint alleged that the debtor obtained loans from Kensington Terrace Apartments LLC that were not reflected on the operating reports, without notice to the creditors and by signing the operating reports the debtor made a false statement, and that his discharge should be denied pursuant to Section 727(a)(4)(A) of the Bankruptcy Code. . The essential elements of this cause of action are 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. 11 U.S.C. §727(a)(4)(A). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852. Count Fourteen lacked the required specificity and failed to allege the first, third and fourth elements,  that the statement was made under oath, that the debtor knew that the statement was false and that the debtor made the statement with fraudulent intent. Count Fourteen should be dismissed.

Count Fifteen of the Complaint alleged that the debtor acted with intent to hinder, delay or defraud his creditors when the debtor failed to collect account receivables owed by entities which the debtor controlled while he was a debtor-in-possession, and his discharge should be denied pursuant to Section 727(a)(2)(B) of the Bankruptcy Code.  The essential elements of this

cause of action are 1) a transfer or concealment of property, 2) that belongs to the estate, 3) after the filing of the petition, and 4) with intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. §727(a)(2)(B). In re Boyer, 2009 WL 1635922 at 3; In re Miller, 97 B.R. at 762-763. Count Fifteen lacked the required specificity,  and failed to allege the first and fourth elements and to identify the account receivables which constituted property of the estate, what acts represented concealment of the property and the debtor's intent to hinder, delay or defraud a creditor and officer of the estate.  Count Fifteen should be dismissed.

Count Sixteen of the Complaint alleged that the debtor testified under an oath that he did not incur any direct or contingent liabilities in connection with the post-confirmation refinancing of properties held by the Entity Debtors and the debtor's testimony was false, and his discharge should be denied pursuant to Section 727(a)(4)(A) of the Bankruptcy Code. The essential elements of this cause of action are 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. 11 U.S.C. §727(a)(4)(A).   In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.  The allegations of Count Sixteen failed to allege with the required specificity  the third and fourth elements, that the debtor knew that the statement was false, and that the debtor had fraudulent intent when he made the statement. Count Sixteen should be dismissed.

Count Seventeen of the Complaint alleged that the debtor had committed an act specified under section 727(a)(7) and the debtor's testimony under an oath with regards to the

confirmation hearing in another case was false, and his discharge should be denied pursuant to Section 727(a)(7)of the Bankruptcy Code.  The essential elements of this cause of action are 1) an instance pursuant to 727(a)(4)(A), 2) the act occurred a year prior or during the case, 3) in connection with another case and 4) concerning an insider. 11 U.S.C. §727(a)(7).   In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky , 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.  Count Seventeen failed to allege with the required specificity the second and fourth elements, when the wrongful conduct occurred, and that the conduct concerned an insider. Count Seventeen also failed to allege that the debtor knew that the claimed false statement was false, and that the debtor had fraudulent intent when he made the statement.  Count Seventeen should be dismissed.

Count Eighteen of the Complaint alleged that the Yeshiva Lease was a transfer of property of the debtor's estate and it was made within the year before the filing date and with the intent to hinder, delay or defraud the debtor's creditors, and his discharge should be denied pursuant to Section 727(a)(2)(A) of the Bankruptcy Code.  The essential elements of this cause of action are 1) a transfer of property, 2) belonging to the debtor, 3) within one year before the filing of the petition, and 4) with intent to hinder, delay or defraud a creditor or officer of the estate. 11 U.S.C. §727(a)(2)(A).  In re Boyer, 2009 WL 1635920 at 3; In re Olivier, 819 F.2d at 552; In re Silverstein, 151 B.R. at 660-661.  Count Eighteen failed to allege with the required specificity the second, third and fourth elements, that the debtor made a transfer of property belonging to the debtor, when the transfer occurred and that the debtor had fraudulent intent when the transfer occurred. Count Eighteen should be dismissed.

Count Nineteen of the Complaint alleged that upon a state court decision the debtor owes to the plaintiff a distribution award in the amount of $2,111,048.20 plus the remainder of the plaintiff's unsecured claim, the debtor maintained the ability to pay the amount, and his discharge should be denied pursuant to Section 523 (a)(15)(A) of the Bankruptcy Code. The essential elements of this cause of action are 1) a debt to a former spouse, 2) incurred by the debtor, 3) in a course of a divorce, or determination by a governmental unit pursuant to a state law. 11 U.S.C. §523(a)(15)(A)[2]. <u>Carlin-Blume v. Carlin</u>, 314 B.R. 286, 293 (Bankr.S.D.N.Y. 2004); <u>In re Foto</u>, 258 B.R. 567, 571-573 (Bankr.S.D.N.Y. 2000). Count Nineteen alleged the elements of a debt incurred by the debtor in the course of a divorce. Count Nineteen should be allowed.

Count Twenty of the Complaint alleged that due to the debtor's alleged fraudulent conduct, the debtor's estate was left with few assets and the debtor's future business prospects and earning potential ensure that the debtor can not pay Mrs. Hirsch claim in full,  and his discharge should be denied pursuant to Section 523 (a)(15)(B) of the Bankruptcy Code.  The essential elements of this cause of action are 1) debt to a former spouse, 2) incurred by the debtor, 3) in a course of a divorce, or determination by a governmental unit pursuant to a state law. §523(a)(15)(B).[3] <u>In re Foto</u>, 258 B.R. at 571-573. Count Twenty alleged the elements of a

---

[2] Former 11U.S.C. §523(a)(15) applies in this case and  in pertinent part provides that Section 523(a)(15) would apply unless:

"(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;"

[3] <u>Id</u>.

debt incurred by the debtor in compliance with Section 523(a)(15)(B) of the Bankruptcy Code. Count Twenty should be allowed.

Count Twenty-One of the Complaint alleged that the plaintiff's claim is the result of the debtor's fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny because the debtor and the plaintiff were husband and wife and the debtor was bestowed with a fiduciary responsibility to the plaintiff, and his discharge should be denied pursuant to Section 523 (a)(4) of the Bankruptcy Code. The essential elements of this cause of action are 1) fiduciary relationship, and 2) an act of fraud or defalcation or 3) embezzlement or larceny. 11 U.S.C. §523(a)(4). Farina v. Balzano (In re Balzano), 127 B.R. 524, 531-533 (Bankr. E.D.N.Y. 1991). Count Twenty-One failed to allege the first, second and third elements, and to allege with the required specificity that there was a fiduciary relationship and the debtor committed fraud, defalcation, embezzlement or larceny. Count Twenty-one should be dismissed.

Count Twenty-Two of the Complaint alleged that the debtor committed the fraudulent transfer of the marital assets described in the State Court Decision and filed for bankruptcy protection. Count Twenty-Two alleged that the debtor's course of conduct was willful and malicious and injured the plaintiff by depriving her of property rights in the marital assets, and his discharge should be denied pursuant to Section 523 (a)(6) of the Bankruptcy Code. The essential elements of this cause of action are 1) willful and malicious act, 2) resulting in injury, 3) by the debtor, 4) to another entity or its property. 11 U.S.C. §523(a)(6). Ball v. A.O. Smith Corp. (In re Ball), 451 F.3d 66, 69 (2nd Cir. 2006); In re Rifkin, 142 B.R. at 67. Count Twenty-Two failed to allege the first and second elements, and to allege with the required specificity the instances of willful and malicious injury which are alleged. Count Twenty-Two

17

should be dismissed.

Count Twenty-Three of the Complaint alleged the debtor committed actual fraud as described in the State Court Decision  and his discharge should be denied pursuant to Section 523 (a)(2)(A) of the Bankruptcy Code.  The essential elements of this cause of action are 1) that the debtor made a representation to the creditor, 2) at the time the representation was made, the debtor knew that the representation was false, 3) the debtor made the representation with the intention and purpose of deceiving the creditor, 4) the creditor relied on the representation, and 5) the creditor sustained a loss or damage as the proximate consequence of the representation. 11 U.S.C. §523(a)(2)(A).  In re Rifkin, 142 B.R. at 64; In re Balzano, 127 B.R. at 530.  The circumstances constituting fraud should be stated with particularity. In re Rifkin, 142 B.R. at 65. Count Twenty-Three failed to allege the five elements with the required  particularity. Count Twenty-Three should be dismissed.

Count Twenty-Four of the Complaint alleged existence of a domestic support obligation which is non-dischargeable pursuant to Section 523 (a)(5)(A) of the Bankruptcy Code. The elements of this cause of action are 1) the debt must have been incurred in connection with a separation agreement, divorce decree or other order of a court of record, 2) the debt must be to a spouse, former spouse, or child of the debtor, 3) the debt must be actually in the nature of alimony, maintenance, or support. 11 U.S.C. §523(a)(5)[4]. Carlin-Blume v. Carlin, 314 B.R.  at

_____

[4] Former Section 523 of the Bankruptcy Code applies here and provides in pertinent part that Section 523(a)(5) excepts from discharge debts:
"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that -
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State; or

291.  Count Twenty-Four alleged the three elements in compliance with Section 523(a)(5)(A), that the debt was owed to a former spouse and a child, in the nature of maintenance and child support. Count Twenty-Four should be allowed.

## THE PROPOSED AMENDED COMPLAINT

On December 22, 2007, counsel for plaintiff filed a Proposed Amended Complaint.  Many of the causes of action set forth in the Proposed Amended Complaint were the same as those in the Complaint (Counts One through Six, Nine, Ten, Twelve, Thirteen and Seventeen through Twenty-Four), or whose only change consisted of inclusion of or reference to statutory language (Counts Seven, Eight and Fourteen through Sixteen).  None of the changes in the Proposed Amended Complaint change the decisions concerning the facial sufficiency of the pleading contained in the original Complaint.

## CONCLUSION

For the reasons set forth above, upon review of the Complaint the Court finds

(1) that plaintiff has failed to set forth factual allegations necessary to state a cause of action under Sections 523(a)(2), (4) and (6) or 727(a); AND

(2) that the plaintiff set forth factual allegations necessary to state a cause of action under Section 523(a)(5) and (15).

The Court allows counts Nineteen, Twenty, and Twenty-Four of the Complaint to go forward. None of the changes in the Proposed Amended Complaint either cured the deficiencies or changed the decisions concerning the facial sufficiency of the pleading contained in the original

---

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]"

Complaint.

IT IS SO ORDERED.

Dated: Brooklyn, New York
    October 13, 2009

s/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

To:    Gary M. Kushner, Esq.
    Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP
    330 Old Country Road
    P.O. Box 31
    Mineola, New York 11501

    Joseph J. Haspel, Esq.
    40 Matthews Street, Suite 201
    Goshen, New York 10924